Case 16-10019-TPA    Doc 37    Filed 01/22/16    Entered 01/22/16 10:48:48    Desc Main
Document      Page 1 of 2

FILED
1/22/16 10:40 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY CASE NO. 16-10019-TPA |
| | : | |
| Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township Debtor | : | CHAPTER 11 |
| | : | |
| _____ | : | RELATED TO DOCUMENT NO. 7 |
| | : | |
| Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township | : | |
| | : | |
| vs. | : | |
| | : | |
| United States of America, Department of the Treasury, Internal Revenue Service and Commonwealth of Pennsylvania, Department of Labor & Industry | : | |
| Respondents | : | Hearing: February 11, 2016 at 11:00 A.M. |

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

**AND NOW**, this _____ day of **January, 2016**, after notice and hearing on the Debtor's Expedited Motion to Use Cash Collateral, dated January 15, 2016 and filed at Doc. No. 7, and the Respondents, United States of America, Department of the Treasury, Internal Revenue Service and the Commonwealth of Pennsylvania, Department of Labor & Industry ("Taxing Bodies") having a lien thereon, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

(1)     Debtor shall be, and hereby is, authorized to utilize the cash collateral in the operation of its business on an interim basis until further order of Court.

(2)     The pre-petition liens of the Taxing Bodies shall be continued post-petition as to both pre-petition and post-petition assets, but the value of the Taxing Bodies' lien shall not be greater post-petition than the value thereof at the time of the filing of the bankruptcy Petition initiating this case, plus accruals and advances thereafter, and minus payments to the Taxing Bodies thereafter.  No additional documents need be filed to perfect such post-petition liens and security interests.

(3)     This Order shall be binding upon the Debtor and the Taxing Bodies, but may, to the extent not confirmed by this Order either expressly or by necessary implication, be considered with respect

to the rights of other parties at any time prior to confirmation of a plan of reorganization or distribution under Chapter 7, on motion of any party in interest.

(4) Debtor shall provide the Taxing Bodies such access to Debtor's records and financial information as the Taxing Bodies may request, in addition to the monthly financial reports required by the United States Trustee.

(5) The Court will endeavor to grant an expedited hearing for modification or enforcement of this Order on request of the Debtor, the Taxing Bodies, or any other party in interest.

(6) Debtor shall not incur any post-petition indebtedness which cannot be paid.

(7) As an adequate protection payment, the Debtor shall remit the sum of $1,000 per month to the Internal Revenue Service commencing on February 15, 2016 and on the 15th of each month thereafter.

(8) As an adequate protection payment, the Debtor shall remit the sum of $250 per month to the Commonwealth of Pennsylvania, Department of Labor & Industry commencing on February 15, 2016 and on the 15th of each month thereafter.

(9) **On February 11, 2016 at 11:00 .M.** a final hearing has been scheduled in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501 and by video conference in Courtroom C, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

(10) **Counsel for Debtor shall serve** this **Order** on the 20 largest unsecured creditors of the Debtor and such other parties, if any, as may be required by *Fed.R.Bankr.P. 4001* and *W.PA.LBR 4001.2*.

(11) All parties, including Mercer County State Bank, reserve all rights with respect to the entry of this interim order and the final hearing on the Debtor's request to use Cash Collateral including, without limitation, the rights to raise additional objection(s) to, or otherwise oppose, the entry of any additional interim or final order authorizing further use of Cash Collateral; to seek adequate protection and/or relief from the automatic stay should the circumstances warrant; and to seek any other relief available under the Bankruptcy Code or applicable non-bankruptcy law.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Court Administrator to serve:
    Counsel for Debtor