**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township,** | : : : | **Case No. 16-10019-TPA** |
| Debtor, | : : | **Chapter 11** |
| **Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township,** | : : : | |
| Movant, | : : | **Document No.** |
| Vs | : : | |
| **Office of the United States Trustee,** Respondent | : | |

**EXPEDITED APPLICATION TO EMPLOY HOSPITALITY CONSULTANT**

  **AND NOW** comes the Debtor, Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township ("Debtor"), by and through its Attorney, Daniel P. Foster, Esquire, of Foster Law Offices, and files this Expedited Application to Employ Hospitality Consultant of which the following is a statement:

**JURISDICATION VENUE**

1.) On or about January 12, 2016, the Debtor filed a Voluntary Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division, at Case No. 16-10019-TPA

2.) This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1334.

3.) This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409.

4.) This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2).

## BACKGROUND

5.   The Debtor operates a Volunteer Fire Department which serves Conneaut Lake Borough, Sadsbury Township and assists other departments throughout the area. The Debtor has operated from its existing location at 11877 Conneaut Lake Road, Conneaut Lake, Pennsylvania since 2003 when a new fire department building was constructed. To fund the fire department, the Debtor operates a restaurant and social club from its location. The building is a two-story structure with an area for firefighting equipment and two complete restaurant facilities. The second floor restaurant facility houses a social club and lounge which serves food and beverage. The first floor restaurant is used occasionally for banquets and other catered events.

6.   A major source of revenue for the Debtor has traditionally been derived from small games of chance. Revenue from small games of chance peaked in 2004 at $360,000 but has continually declined since then and in 2015 was $59,000.

7.   The restaurant facility has always been used as a "loss leader" to draw people into the facility to play the small games of chance. Even though the revenue from small games of chance has declined dramatically, Debtor's management has not taken the necessary steps to make the restaurant facilities profit centers. The Debtor has never had the benefit of a professional in the hospitality industry to assist in the revamping of it's under- utilized restaurant facilities.

8.   In order to have a successful reorganization and to be able to fund its existing debt structure the Debtor must revamp its business operations to generate positive cash flow from the restaurant facilities located on its premises.

### Jovonovich & Associates

9.   Nick Jovonovich and Jovonovich and Associates are experienced consultants to the hospitality industry, specializing in assisting high volume non-profit food and beverage operations. **See *Resume* attached as Exhibit A**.

10.   Mr. Jovonovich will assist the Debtor to implement industry policies, procedures, and standards which are not currently in place and will assist the Debtor to implement a plan to fully utilize the present facility and develop the first floor restaurant space into a "destination" restaurant and banquet facility. **See *Proposed Operational Reorganizational Plan* attached as Exhibit B.**

11.   Mr. Jovonovich typically charges his clients a rate of $100 per hour.

12.   Mr. Jovonovich has agreed to provide his services to the Debtor at a reduced rate of $75 per hour.

13.   Due to the nature of Mr. Jovonovich's operation, basically a one-person entity, Mr. Jovonovich is unable to devote a significant amount of time to the Debtor's business operations without receiving remuneration on a regular basis.

14.     It is anticipated that Mr. Jovonovich will essentially take over the management of the Debtor's business operations which will require devotion of a significant amount of time while the plan is being developed.

15.     Mr. Jovonovich has requested and the Debtor has agreed, subject to Court approval that Mr. Jovonovich will submit a weekly itemization of his time and detail of the work performed and that the Debtor will remit an amount equal to 75% of the amount of the earnings to Mr. Jovonovich each week. Mr. Jovonovich will not require a retainer.  A copy of the Retainer and Fee Agreement is attached hereto and marked as Exhibit C.

16.     In order to fund the fees of Mr. Jovonovich, the Debtor has reduced the salaries of its present employees by $700 per week and has also implemented reductions in wages to hourly employees by approximately 20%.

17.     Mr. Jovonovich believes that further reductions in wages and salaries will be possible once he has had the opportunity to review the Debtor's operations in detail and examine the duties and functions of each employee.

18.     A verified statement from the Affiant pursuant to Bankruptcy Rule 2014 is attached hereto and marked as Exhibit D.

18.     Mr. Jovonovich understands that all fees are subject to Bankruptcy Court approval.

   WHEREFORE the Debtor, Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township respectfully requests this Honorable Court enter an Order authorizing the employment of Nick Jovonovich and Jovonovich and Associates as Hospitality Consultants to assist the Debtor in its business operations.

Respectfully submitted,

Date: January 26, 2016

/s/ Daniel P. Foster, Esquire
Daniel P. Foster
PA I.D. # 92376
Foster Law Offices
PO Box 966
Meadville, PA 16335
Tel: (814) 724-1165
Fax: (814) 724-1158
Email: dan@mrdebtbuster.com
Attorney for Debtor