FILED
2/12/16 3:54 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township, Debtor, | : : : : | Case No. 16-10019-TPA |
| | : | Chapter 11 |
| Conneaut Lake Volunteer Fire Department of Conneaut Lake Borough and Sadsbury Township, Movant, | : : : : | Document No. 48 |
| Vs | : : | |
| Office of the United States Trustee, Respondent | : | |

## ORDER ON APPLICATION TO EMPLOY HOSPITALITY CONSULTANT

**AND NOW**, this **12th** day of **February, 2016,** upon consideration of the Movant's APPLICATION TO EMPLOY HOSPITALITY CONSULTANT, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.) Nick Jovonovich of Jovonovich and Associates of 2452 Wedgewood Drive, Wexford, PA 15090 is hereby appointed as Hospitality Consultant for Movant pursuant to the terms described in the Fee Agreement attached to the above referenced Motion.

2.) Professional persons or entities performing service in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorney involved, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

3.) Approval of any Application for Appointment of professionals in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to 11 U.S.C. § 328(a). Final compensation awarded only after notice and hearing, may be more or less than the requested hourly

rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order.

4.) Nick Jovonovich and Associates shall submit a weekly accounting of time and duties performed to counsel for the Debtor, and upon review and approval of Counsel, Debtor is authorized to remit payment to Nick Jovonovich of Jovonovich and Associates on a weekly basis in the amount of 75% of the amount earned with the understanding that all fees remain subject to Bankruptcy Court approval.

5.) Applicant shall serve the within Order on all interested parties and file a certificate of service.

6.) On the **11th** day of each month going forward and beginning on **March 11, 2016**, the Consultant shall file with the Court a report as to the status of the Debtor's operations, which he is supervising, along with profit and loss statements on a cash basis as well as projections for 6 months going forward. Included in the first report will be a 12 month budget regarding the hospitality operations beginning with March 1, 2016.

_____
**Thomas P. Agresti,** *Judge*
United States Bankruptcy Court